

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,057-01

**EX PARTE CHUCKWA DON CRABTREE, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 4600 IN THE 84TH DISTRICT COURT
## FROM OCHILTREE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to murder and was sentenced to forty years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance, causing his plea to be unknowingly and involuntarily entered. Applicant alleges that trial counsel failed to adequately plead his motion to suppress Applicant's custodial statements, failed

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

to investigate and challenge the validity of the enhancement allegations, and failed to advise Applicant of his options, the benefits of going to trial, and the consequences of pleading guilty.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the trial docket, and copies of all written motions filed and ruled on before Applicant entered his plea. The trial court shall also supplement the record with copies of the plea papers, including the plea agreement, written admonishments, waivers, stipulations, judicial confessions, and any evidence that was introduced to support the plea, including the judgments from the prior convictions alleged as enhancements in this case. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant's plea was knowingly and voluntarily entered, and as to whether he retained any right to appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 11, 2015
Do not publish